CITY OF CINCINNATI, APPELLEE, *v.* ANDERSON, APPELLANT.

[Cite as City of Cincinnati v. Anderson, 4 Ohio App. 2d 377.]

(No. 9687—Decided April 19, 1965.)

*Mr. William A. McClain,* city solicitor, and *Mr. Joseph Johnson,* for appellee.

*Mr. Wm. Luke Leonard,* for appellant.

LONG, J. Defendant, appellant herein, was found guilty of operating an automobile while under the influence of alcohol contrary to ordinance 506-1 of the Code of Ordinances of the city of Cincinnati. The offense occurred at the intersection of Elizabeth Street and Reading Road, Cincinnati, where defendant's automobile and an automobile operated by one of Cincinnati's police officers collided.

At the trial in the Cincinnati Municipal Court, defendant made a motion for a dismissal at the conclusion of the evidence for failure of the prosecution to prove venue. There was a serious dispute as to whether Officer Hummeldorf testified that the intersection where the collision occurred was in Cincinnati, Hamilton County, Ohio. The court said that it could not recall whether this witness had testified as to venue; it did say that no other witness had so testified.

The prosecution then asked to reopen its case to prove venue, but this was refused by the court. A short colloquy was

had between counsel and the court, at the termination of which the court recalled Officer Hummeldorf. The judge stated that "the court would not permit the reopening of the state's case but would permit the officer to testify as to *whether or not he had previously testified concerning whether or not this incident happened within the city of Cincinnati* and that if the officer testified that *no such testimony had been elicited*, he would grant defendant's motion." (Emphasis supplied.) To all of this defendant objected.

After refusal to reopen the case, and after submission to the court on the defendant's motion to dismiss, the court permitted the officer to give his opinion that he had previously in chief testified as to venue.

How can this opinion of the officer be considered evidence? It was merely testimony of his recollection as to what he had given as evidence in a hearing, since terminated by the court itself. While we do not suggest that this was not the officer's honest belief, nevertheless, when the defendant's conviction hinged on whether the officer testified as to venue, there existed at least a strong suggestion that he should have or must have testified that the incident occurred in Cincinnati, Hamilton County. Under these circumstances, this court holds that the officer's recollection of what he had testified in chief was not evidence; it was not even given under oath even though he was sworn before he testified in chief; it was just his opinion, even if honest, as to what he said during the trial of the case, which the court said it would not reopen for the purpose of additional evidence.

It is our opinion that the trial court should have granted defendant's motion and dismissed him.

Coming now to the action of the Common Pleas Court, on appeal to that court, we hold that the Common Pleas Court should not have remanded the cause to the Municipal Court for a new trial, but should have reversed and dismissed the defendant.

Coming then to render the judgment which both courts below should have rendered, we find in the narrative bill of exceptions that the prosecution failed to prove that the intersection of Elizabeth Street and Reading Road was in Cincinnati, Hamilton County, Ohio, and that defendant's motion for dis-

missal in the Municipal Court should have been granted. The judgment of the Common Pleas Court is hereby modified in accordance with this opinion. Defendant is hereby dismissed.

*Defendant dismissed.*

HILDEBRANT, P. J., and HOVER, J., concur.